**JS-6**

CC: order, docket, remand letter to
Los Angeles County Superior Court,
West District, Santa Monica  No. 12U0006

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIBANK, N.A., as Trustee on Behalf of the Holders of Bear Stearns Alt-A Trust II, Mortgage Pass-Through Certificates, Series 2007-1,<br><br>            Plaintiff,<br>      v.<br><br>ENSIEH TASDIGHI and DOES 1–10, Inclusive,<br><br>            Defendant. | Case No. 2:12-cv-02985-ODW (CWx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** |

The Court is in receipt of Defendant Ensieh Tasdighi's ("Defendant") Notice of Removal. Having carefully considered the papers filed in conjunction with the Notice, however, the Court determines that it lacks subject matter jurisdiction over this case. Accordingly, the case is hereby **REMANDED** to Los Angeles Superior Court.

Defendant claims that this Court has federal question subject matter jurisdiction over this state-law unlawful detainer action under 28 U.S.C. § 1331. (Dkt. No. 1.) This is not the first time Defendant has removed this action to this Court on these grounds. On March 6, 2012, this Court remanded this action following Defendant's improvident removal of the action on faulty federal question jurisdiction grounds.

*CitiBank, N.A. v. Tasdighi*, 12-1588, ECF No. 6 (C.D. Cal. Mar. 6, 2012) (order remanding to Los Angeles Superior Court for lack of federal question jurisdiction). That Order was abundantly clear: there is no basis for removal to federal court of a state-law unlawful detainer action on the basis of a federal defense contained in Defendant's answer. *Id.* at 3 ("[Plaintiff's] Complaint does not allege any . . . federal question, and any federal defense raised by Defendant is irrelevant with regard to jurisdiction. Therefore, the Court does not have jurisdiction over this case under § 1331."); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009) ("[T]he plaintiff is the master of his complaint and may avoid federal jurisdiction by relying exclusively on state law. It is settled law that a case may not be removed to federal court on the basis of a federal defense . . . ." (citations omitted) (internal quotation marks omitted)); *Aurora Loan Servs. v. De La Rosa*, No. 11-912, 2011 U.S. Dist. LEXIS 69217, at *3 (C.D. Cal. June 27, 2011) ("[B]ecause this is an unlawful detainer action, a federal question does not present itself."); *IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. 09-2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.")

Defendant's decision to remove this case a second time upon no showing of additional facts establishing grounds for removal reflects either Defendant's complete failure to consider the content of the Court's March 6, 2012 Order or Defendant's blatant disregard for that Order. In either case, Defendant has now wasted his own resources, as well as the Court's, in undertaking a futile ploy this Court

unambiguously rejected just more than a month ago.  This case is once again **REMANDED** to Los Angeles Superior Court.  Should Defendant opt once again to remove this action to this Court, Defendant will be sanctioned for his repeated failure to heed this Court's orders and consequential waste precious judicial resources.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

April 11, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**